Filed 9/9/16  P. v. Westfall CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E065554 |
| v. | (Super.Ct.No. FSB024269) |
| DURLENE OLEVIA WESTFALL, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Durlene Olevia Westfall appeals following a resentencing hearing that occurred after her petition for writ of habeas corpus was granted and her first

degree murder conviction was reduced to second degree murder pursuant to *People v. Chiu* (2014) 59 Cal.4th 155 (*Chiu*).  We find no error and affirm the judgment.

I

FACTUAL AND PROCEDURAL BACKGROUND[1]

On September 27, 1999, a two-year-old child was allegedly abused.  Defendant and the child's great-aunt, along with others, confronted the murder victim and the victim who survived (hereinafter, the surviving victim) about this at the home where the child had been staying (hereinafter, the first home).  Both victims were hit and the murder victim was pushed.  The surviving victim felt that his life was in danger.  Against their will, both victims were taken from the first home to the home of codefendant Thomas Allen Timney II's (Timney) companion.  Defendant and the child's great-aunt were in the car in which the murder victim rode.  Sometime after arriving at Timney's companion's home, defendant called Timney's companion, who was staying at a nearby motel, and told him to come home because she needed help with someone who had beat up a baby. Timney's companion left the motel with Timney, who had been staying in a nearby room. Timney brought along a shotgun, which, when he arrived at his companion's home, he gave to Danny Vasquez to hold on the victims as they sat on the kitchen floor.  Timney's companion threatened the surviving victim with a cutting tool.  Eventually, the victims were forced to get into Timney's companion's car, with Timney, the companion and

---

[1]  The factual background is taken from this court's nonpublished opinion in defendant's prior appeal.  (*People v. Westfall*, (Dec. 29, 2004, E033231) [nonpub. opn.].)

Vasquez. Timney's companion drove to a dirt portion of a road near Interstate 15 north of San Bernardino. He walked the surviving victim farther up the road, ostensibly to stab him to death, but, instead, he secretly let him go, urging him to run and not return to the area. Timney shot the murder victim. Later, defendant and the child's great-aunt insisted on seeing the murder victim's body and what they thought would be the dead body of the surviving victim. They also saw the cutting tool Timney's companion had supposedly used to kill the surviving victim. Defendant gave Timney and his companion a piece of a torn dollar bill and told them they could redeem it for a favor because they had killed the victims.

Timney, defendant, the child's great-aunt, and Vasquez were tried together. Timney's companion claimed at trial that Timney had forced him to participate in the crimes. For his part, Timney claimed that his companion had forced him to participate and he accidentally shot the victim while attempting to let the latter escape.

On December 12, 2002, a jury found defendant guilty of first degree murder (Pen. Code, § 187, subd. (a); count 1)[2] and two counts of kidnapping (§ 207, subd. (a); counts 2 & 3). The jury also found true that a principal was armed with a firearm during the commission of all three offenses (§ 12022, subd. (a)(1).)

On February 14, 2003, defendant was sentenced to 25 years to life, plus seven years as follows: 25 years to life on count 1, plus five years on count 3, plus two one-

_____

[2] All future statutory references are to the Penal Code unless otherwise stated.

year terms for the firearm enhancement attached to counts 1 and 3; sentence on count 2 was stayed pursuant to section 654.

On May 4, 2015, a writ of habeas corpus was filed on behalf of defendant in the San Bernardino Superior Court to have her first degree murder conviction reduced to second degree murder pursuant to *Chiu*, *supra*, 59 Cal.4th 155.[3]

On February 23, 2016, defendant filed a sentencing memorandum urging the trial court to consider evidence of post-conviction rehabilitation and resentence defendant to no greater than 15 years to life.

On February 26, 2016, the trial court granted defendant's petition for writ of habeas corpus. And, following a sentencing hearing, the trial court resentenced defendant to an indeterminate term of 15 years to life, plus a determinate term of seven years, for a total term of 22 years to life.

On March 4, 2016, defendant filed a timely notice of appeal.

II

DISCUSSION

After defendant appealed, upon her request, this court appointed counsel to represent her. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the

---

[3] In *Chiu*, the Supreme Court held "an aider and abettor may not be convicted of first degree premeditated murder under the natural and probable consequences doctrine. Rather, his or her liability for that crime must be based on direct aiding and abetting principles." (*Chiu*, *supra*, 59 Cal.4th at pp. 158-159, italics omitted.)

case, a summary of the facts and potential arguable issues, and requesting this court to conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, and she has not done so.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the entire record for potential error and find no arguable error that would result in a disposition more favorable to defendant.

III

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


HOLLENHORST
J.


CODRINGTON
J.